IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK SAIZ,

      Plaintiff,

v.                                          CIV 07 790 JAP/LFG

COUNTY OF BERNALILLO, BOARD OF
COMMISSIONS FOR THE COUNTY OF
BERNALILLO, M. RAY, J. FOSTER,
D. PRIEMASON AND C. ROMERO,

      Defendants.

## MOTION IN LIMINE TO EXCLUDE REFERENCE TO
## IMMIGRATION STATUS OF ANY WITNESS

COMES NOW, Plaintiff, Mark Saiz, by and through his attorneys Robert J. Gorence,

Louren Oliveros, and Mark Pustay of Gorence & Oliveros, P.C., and pursuant to Fed.R.Civ.P.

12(f), moves the Court to exclude references to the immigration status of any witness.  As

grounds, Plaintiff states as follows:

1.      Plaintiff intends to call witnesses with varying immigration statuses.

2.      Plaintiff objects to any references to the immigration status of any witness called in this

matter as such references are irrelevant, and thus inadmissible under Fed.R.Evid. 402.

Fed.R.Evid. 402 excludes "evidence which is not relevant" as inadmissible.  "Relevant

evidence" is defined as "evidence having any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence."  Fed.R.Evid. 401.  Evidence of the witnesses'

immigration status has no tendency whatsoever to make the existence of any fact of

consequence more or less probable than without such evidence.  Simply put, the

immigration status of any of the witnesses does not speak to any fact of consequence in the present matter.  As such, the evidence should be excluded.

3.  As additional grounds, the evidence should be excluded under Fed.R.Evid. 403.  Rule 403 excludes evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  In the instant case, any evidence regarding the immigration status of any of the witnesses has absolutely no probative value to the claims or defenses of any party.  References to the witnesses' immigration status will likely induce the jury to make an unfairly negative presumption about the witness's credibility, or their right to testify in court in the first place.  This risk of prejudice far outweighs the extraordinarily limited probative value such references may have to the case, if any probative value to the case does in fact exist.

4.  Finally, the evidence should be excluded under Fed.R.Evid. 404(b).  Rule 404(b) specifically provides that "(e)vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  If evidence of immigration is admitted for any reason, it will undoubtedly constitute evidence of bad acts under Fed.R.Evid. Rule 404(b).  The use of the evidence in this manner is strictly prohibited by Rule 404(b) and references to this effect should be excluded.

5.  Counsel for Defendants, Deborah Wells, opposes this motion.

WHEREFORE, Plaintiff requests that any reference to the immigration status of any witness be excluded, and for whatever other relief this Court deems just and proper.

Respectfully submitted,


Electronically filed: 09/11/08
Robert J. Gorence
Louren Oliveros
Mark Pustay
Gorence & Oliveros, P.C.
Attorneys for Plaintiff Mark Saiz
201 12th Street NW
Albuquerque, NM  87102
(505) 244-0214


I hereby certify that a true and accurate copy of the foregoing was emailed to counsel of record by CM/ECF on this 11th day of September, 2008.


Electronically filed: 09/11/08
Mark Pustay