## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

MARK SAIZ,

        Plaintiff,

v.                                                                        Civ.  No.  07-790  JP/LFG

COUNTY OF BERNALILLO, BOARD OF
COMMISSIONS FOR THE COUNTY OF
BERNALILLO, M. RAY, J. FOSTER,
D. PRIEMAZON AND C. ROMERO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On October 16, 2008, Defendants County of Bernalillo, Matthew Ray, Jason Foster, David Priemazon, and Christopher Romero filed Defendants' Motion to Tax Costs (Doc. No. 100). On March 9, 2009, the Clerk of the Court issued the Clerk's Order Settling Costs (Doc. No. 105). On March 11, 2009, Defendants filed Defendants' Motion for Review by the Court of Clerk's Order Settling Costs (Doc. No. 106.) Defendants, who prevailed on summary judgment and at trial on Plaintiff Mark Saiz's claims, ask the Court to allow costs for three items: an expert witness fee for Dr. Jack Ryan, fees for the court reporter and interpreter for the deposition testimony of Pauline Gonzales-Reyes, and fees for another interpreter.[1] The Clerk of the Court correctly disallowed the expert witness fee for Dr. Ryan; however, Defendants are allowed the standard witness fee and subsistence allowance for him. The Clerk also correctly disallowed the fee for the second interpreter, but incorrectly disallowed the fees for the deposition testimony of Pauline Gonzales-Reyes. Defendants' motion should be granted in part.

---

[1] In their reply, Defendants raise a new objection to a different decision by the Clerk, a decision reducing the witness fee for Kenneth Roark. (Doc. No. 110 at 3-4.) This objection–which duplicates one made in the original motion to tax costs–appears to be in the reply by error, as Defendants did not object to the Clerk's decision regarding Roark in their motion for review. (*See* Doc. No. 106.) To the extent that Defendants do object to the Clerk's decision regarding Roark's fee, the Court finds the Clerk decided correctly by limiting the fee to the statutorily authorized amount, $40.00 per day.

## Background

On August 15, 2007, Plaintiff Mark Saiz filed his complaint (Doc. No. 1). He brought two claims under 42 U.S.C. § 1983, alleging use of excessive force and wrongful arrest by the individual Defendants, deputies of the County of Bernalillo Sheriff's Department. (*Id.* at 5-6.) He also brought state law claims of assault, battery, false arrest, false imprisonment, and negligence against the individual Defendants and corresponding claims of vicarious liability against the County of Bernalillo. (*Id.* at 7-8.)

On June 10, 2008, this Court ruled on the parties' cross-motions for summary judgment. (Docs. No. 61, 62.) The Court denied Plaintiff's motion for partial summary judgment on his claim of wrongful arrest and granted in part Defendants' motion for summary judgment on the same claim. (Doc. No. 62.) The Court also granted in part Defendants' motion for summary judgment on the corresponding state law claims of false imprisonment and false arrest. (*Id.*) Plaintiff's claims of use of excessive force, assault, battery, and negligence went to trial. During trial, Plaintiff withdrew his claims of assault and negligence, and the Court granted Defendant Romero's motion for judgment as a matter of law on all claims against him. (Doc. No. 99.) On September 25, 2008, the jury reached a unanimous verdict, finding for the remaining individual Defendants on the claims of use of excessive force and battery. (*Id.*) As a result, the Defendants are the prevailing party in this action.

## Analysis

Defendants make their motion for costs under Federal Rule of Civil Procedure 54(d)(1), which provides in relevant part that "costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court." *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (citing *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960)). "However, this discretion is limited in two ways. 'First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party.' Second, the district court must provide a valid reason for not awarding costs." *Id.* (quoting *Cantrell v. IBEW Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995)).

Not all costs are taxable. "Absent some other statutory authorization, costs available to a prevailing party under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920." *Sorbo v. United Parcel Svc.*, 432 F.3d 1169, 1179 (10th Cir. 2005). The Tenth Circuit explains: "Rule 54(d) is not a separate source of power to tax as costs expenses not enumerated in § 1920. Instead, ... § 1920 defines the term 'costs' as used in Rule 54(d)." *Id.* Furthermore, to be compensable, "materials or services [must be] reasonably necessary for use in the case." *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) (citation omitted) (explaining section 1920 in interpreting 28 U.S.C. § 1919).  However, "use at trial by counsel or the court demonstrates necessity." *Id.* This Court must give "careful scrutiny" to "items proposed by winning parties as costs" to determine if they were reasonably necessary "based on the particular facts and circumstances at the time the expense was incurred." *Id.* at 1340.

Finally, "the burden is on the party seeking costs ... to establish the amount of compensable costs and expenses to which it is entitled." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). The purpose of each expenditure must be demonstrated so the court can determine if it was reasonably necessary and falls with the costs allowed by section 1920. *English v. Colo. Dept. of Corrs.*, 248 F.3d 1002, 1013 (10th Cir. 2001); *see also Allison*, 289 F.3d at 1248. On the other hand, "[t]he burden is on the non-prevailing party to overcome [the] presumption" that "costs are generally awarded to the prevailing party." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

### Costs for Jack Ryan's Attendance at a Daubert Hearing

Defendants seek an award of the costs for Dr. Jack Ryan, an expert witness for Defendants, to attend a *Daubert* hearing requested by Plaintiff. (Defs.' Mot. for Costs, Ex. A at 1, 11 ; Pl.'s Mot. *Daubert* Hearing, Doc. No. 42.) In Defendants' view, Plaintiff, as the party making the motion for the hearing, bears the responsibility for Defendants' costs to comply with the resulting order and should therefore pay those costs. (Defs.' Reply at 1-2.) In particular, Defendants ask to be reimbursed for three items: Dr. Ryan's fee for the hearing, $2500; the cost of his flight to Albuquerque, $545; and the cost of his hotel room, $127. (Defs.' Mot. for Costs, Ex. A at 11.) Plaintiff, in response, points out that Dr. Ryan was not a court-appointed expert and argues that local rules do not permit an award of these costs. (Pl.'s Resp. at 1.)

The Court must first look to statutory authorization for the costs sought by Defendants.

3

As there is no other statutory authorization for costs in a § 1983 action, authorization must rest in 28 U.S.C. § 1920. That section only authorizes standard witness fees; therefore, the Court does not have statutory authority to award "[f]ees and expenses incurred in connection with expert witnesses (in excess of the standard witness fee listed in § 1920(3) and fixed by 28 U.S.C. § 1821)." *Sorbo*, 432 F.3d at 1179. As a result, the Court has no statutory authority to award the first item requested by Defendants: Dr. Ryan's $2500 fee for attending the hearing. In light of this absence of authority, Defendants' attempts to fix blame for the expense are irrelevant, as are Defendants' arguments that they are asking for something other than an "expert witness fee." However, as Dr. Ryan was "a witness in attendance," the Court has the statutory authority to award the standard witness fee of $40 per day of attendance and travel time. 28 U.S.C. § 1920(3) (2006); *id.* § 1821(a)(1), (b); *see also* D.N.M.LR-Civ. § 54.2(c)(2) ("An expert witness not appointed by the Court will be paid the same fee as a lay witness."). Two days of the standard witness fee should be awarded.

Although subsection 1920(3) and the local rules use the term "fee," as did the court in *Sorbo*, subsection 1920(3) authorizes award of three types of costs in accordance with 28 U.S.C. § 1821: a daily witness fee, travel expenses, and an overnight subsistence allowance. *Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 593 (10th Cir. 1992). First, as discussed above, a witness receives a standard fee of $40 per day, including travel days. 28 U.S.C. § 1821(b) (2006). Second, "[a] witness who travels by common carrier shall be paid for the actual expenses of travel," if the witness traveled at the "most economical rate reasonably available" and "[a] receipt or other evidence of actual cost" is provided to the Court. *Id.* § 1821(c)(1). Third, "[a] subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance." *Id.* § 1821(d)(1). The allowance is set by the Administrator of General Services. *Id.* § 1821(d)(1), (2). The maximum allowance for Albuquerque, New Mexico, on the date of the hearing, August 20, 2008, was $124 per day. General Services Administration, New Mexico FY 2008 Per Diem Rates, http://www.gsa.gov/Portal/gsa/ep/contentView.do?queryYear=2008 &contentType=GSA_BASIC&contentId=17943&queryState=New+Mexico&noc=T (last visited Apr. 28, 2009). One day's subsistence allowance should be awarded.

The discussion turns to Dr. Ryan's round trip airfare from Providence, Rhode Island. For a trip of greater than 100 miles, there is a traditional limitation on a court's power to award travel expenses stemming from a corresponding limitation on a court's subpoena power to a 100 mile

radius. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 231 (1964). Despite this limitation,

"[a] district court has discretion to approve travel costs in excess of 100 miles from the place at

which the trial is held, and such costs need not be approved in advance." *Tilton v. Capital

Cities/ABC, Inc.*, 115 F.3d 1471, 1475 (10th Cir. 1997) (quoting *Fleet Inv. Co., Inc. v. Rogers*,

620 F.2d 792 (10th Cir. 1980)). "But since such a request appeals to the court's discretion,

parties who obtain a witness from outside the 100-mile limit without advance approval do so at

their peril." *Id.* "In considering whether to allow expenses for traveling in excess of 100 miles,

the court should consider the length of the journey, the necessity of the testimony, and the

possibility of averting the travel expense." *Green Const. Co. v. Kansas Power & Light Co.*, 153

F.R.D. 670, 680 (D. Kan. 1994). For example, a court may take into account the availability of

an equivalent local expert. *Alonso v. Union Oil Co. of Cal.*, 71 F.R.D. 523, 526 (S.D.N.Y. 1976).

Here, Defendants, who have the burden, have not shown that an equivalent local expert was

unavailable. As Defendants did not secure advance approval from the Court for their witness,

they did so at their peril. In addition, Defendants have not provided a "receipt or other evidence

of actual cost" that suffices to show that Dr. Ryan traveled at the most economical rate

reasonably available, that is, economy class airfare. (*See* Defs.' Mot. Ex. A at 11.) The travel

cost should not be awarded.

Based on the evidence submitted by the Defendants, Dr. Ryan is eligible for two days of

the standard witness fee of $40 per day and one day of the subsistence allowance at $124 per

day. Therefore, Defendants should recover $204.00 for Dr. Ryan's attendance at the *Daubert*

hearing.

*Deposition Costs*

A reporter's transcript of a deposition is a taxable cost when the deposition is

"reasonably necessary to the litigation." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1204

(10th Cir. 2000); D.N.M.LR-Civ. § 54.2(b)(1); *see also* 28 U.S.C. § 1920(2), (4) (2006)

(statutory authorization). Under the District's local rules, "[a] deposition is reasonably necessary

to the litigation when: (A) a substantial portion of the deposition is admitted into evidence or

used at trial for impeachment purposes; (B) the deposition is used by the Court in ruling on a

motion for summary judgment; or (C) the Court so determines." D.N.M.LR-Civ. § 54.2(b)(2);

*accord Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987) (depositions admitted

into evidence or used for impeachment); *Tilton*, 115 F.3d at 1474 (depositions used by Court in

ruling on motion for summary judgment). However, "depositions taken merely for discovery are not taxable as costs." *Callicrate*, 139 F.3d at 1340. The Court must determine necessity of a deposition "in light of the facts known to the parties at the time the expenses were incurred." *Id.* Finally, "[a]n interpreter's fee or translator's fee is taxable if [] the cost of the witness, whose testimony is interpreted or translated, is taxable." D.N.M.LR-Civ. § 54.2(d)(1).

Defendants ask for the cost of a reporter's transcription and an interpreter's fee for the deposition of Pauline Gonzales-Reyes. Gonzales-Reyes made the 911 call that caused a dispatcher–as it turned out, erroneously–to send the individual Defendant officers to Gonzales-Reyes' old address: the address of Plaintiff Saiz' property. Thus, Gonzales-Reyes set in motion the events that led to the filing of Plaintiff Saiz' action. At the time she was deposed, it was reasonable for the individual Defendant officers to think they might have to establish at trial the reasons for which they were on Plaintiff's property. In light of the facts known to Defendants at the time, her deposition was reasonably necessary to the litigation. Therefore, the interpreter's fee, $160.31, and the cost of the reporter's transcript, $148.75, should be allowed.

### Interpreter Fee

Defendants attach a billing statement from interpreter Juan José Peña. (Defs.' Mot. Ex. A at 12.) The statement does not identify the person deposed, the date of the deposition, nor even the case itself. (*See id.*) A comparison of a handwritten date on this bill with the handwritten date on the interpreter's bill for the deposition of Gonzales-Reyes tends to indicate the person deposed was not Gonzales-Reyes.[2] (*Compare id. with* Defs.' Mot. Ex. A at 13.) It is Defendants' burden to demonstrate the purpose of the expenditure so that the Court can determine if it was reasonably necessary to the case and allowable under 28 U.S.C. § 1920. *See English*, 248 F.3d at 1013 (denying costs where movant provided only a spreadsheet identifying "disbursements to couriers, a court reporter and other service providers" and nothing more than "a blanket assertion that the costs incurred are among those allowed under § 1920"). Defendants' unsupported assertion in their motion that the cost was associated with the deposition of Fernando Landa is insufficient. Defendants have not met their burden for this item and should not be awarded costs for it.

---

[2] Because Defendants failed to sufficiently document the purpose of this cost, the Clerk of the Court reasonably assumed the cost was associated with the deposition of Gonzales-Reyes.

*Equity and Plaintiff's Ability to Pay*

In his response, Plaintiff renews his equitable argument from the briefing of Defendants' motion to tax costs. (Doc. No. 109 ¶ 4.) In the original briefing, Plaintiff argued that he had already expended twenty thousand dollars "as a result of the actions of Defendants," in that he had to post a non-recoverable bond and hire counsel to defend himself against criminal charges brought by the County of Bernalillo. (Doc. No. 101 ¶ 5.) Plaintiff points out that the charges were eventually dismissed. Plaintiff also states that he "is not a wealthy man" and imposing costs would cause him to "suffer great financial hardship." (*Id.* Ex. 4, Saiz Aff. ¶ 4.)  In reply, Defendants argue that Plaintiff has not shown he is in dire financial straits, the standard Defendants argue is applicable to Plaintiff's argument. (Doc. No. 103 at 4.) Defendants note that Plaintiff remains employed by the City of Rio Rancho. (*Id.* at 5.)

As explained above, although it is Defendants' burden to show particular costs, it is Plaintiff's burden to overcome the presumption that costs should be awarded to Defendants. Plaintiff has not met this burden. First, the evidence submitted by Plaintiff as to financial hardship is insufficient to show he will be made indigent by these costs. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (indigence may be taken into account by district court in denying costs). Second, the Plaintiff has not shown (or even argued) that the related criminal action was brought in bad faith. *Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). "Because a denial of costs is a severe penalty,  there must be some apparent reason to penalize the party if costs are to be denied." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997). No such apparent reason is present here.

*Summary*

The Clerk of the Court allowed total costs to Defendants of $2,408.25 and disallowed total costs of $4,148.81. The total costs allowed should be increased by $204.00 for Jack Ryan's attendance at a *Daubert* hearing and by $148.75 for the reporter's transcript and $160.31 for the interpreter for the deposition of Pauline Gonzales-Reyes. The total costs allowed to Defendants should be $2,921.31.

**IT IS ORDERED THAT:**

Costs are taxed against Plaintiff Mark Saiz and in favor of Defendants County of Bernalillo, Matthew Ray, Jason Foster, David Priemazon, and Christopher Romero in the amount of $2,921.31.

SENIOR UNITED STATES DISTRICT JUDGE